IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:06CR3033 |
| v. | ) | |
| | ) | |
| SCOTT A. BINNICK, | ) | |
| | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |
| | ) | |

A hearing was held before me on September 27, 2006 on the defendant's competence to stand trial. Evidence was adduced and the arguments of counsel considered. I conclude that the government has failed to meet its burden to show the defendant is competent to stand trial.

The government has the burden of proving by a preponderance of the evidence that the Defendant is competent to stand trial. See Wise v. Bowersox, 136 F.3d 1197, 1202 (8th Cir. 1998); Brown v. Warden, Great Meadow Correctional Facility, 682 F.2d 348, 349 (2nd Cir. 1982)("The burden is placed on the prosecution to prove that the defendant is mentally competent to stand trial"); United States v. Hollis, 569 F.2d 199, 205 (3rd Cir. 1977)("No burden of proof rests on a defendant to demonstrate his own incompetency"); United States v. Makris, 535 F.2d 899, 906 (5th Cir. 1976)("There can be no question that in federal criminal cases the government has the burden of proving defendant competent to stand trial"); U.S. v. Mason, 935 F.Supp. 745, 759 (W.D.N.C.1996)("The burden of proof of competency is on the Government to prove competency by a

preponderance of the evidence"); U.S. v. Kokoski, 865 F.Supp. 325, 329 (S.D.W.Va.1994) aff'd 82 F.3d 411, 1996 WL 181482 ("The United States bears the burden of proving that the defendant is competent to stand trial").

To meet its burden the government must show that the defendant has "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.'"  Wise v. Bowersox, 136 F.3d at 1202 (8th Cir. 1998) (internal footnote omitted) (quoting Dusky v. United States, 362 U.S. 402, 402 (1998).

At the hearing the government submitted a written evaluation report from Dr. Y. Scott Moore, a psychiatrist from Lincoln, whose conclusion was that the defendant is competent to stand trial.  The defendant submitted a report of a clinical interview by Dr. Sean Samuels, Psy. D., of Lincoln and also a "Psychological Assessment" by the same psychologist.  Dr. Samuels concluded that defendant is not competent to stand trial.  Also admitted were two articles regarding the "MacArthur Competence Assessment Tool--Criminal Adjudication."  Neither expert testified.

As stated from the bench, with neither expert present to have his methods, observations, or conclusions tested by cross examination, the court is left with very little evidence on which to reach a conclusion.  For example, while Dr. Moore's letter reports that defendant "knows" or "understands" various matters about court proceedings, there is no way to know how he was asked the questions, that is, whether he was inadvertently led by the doctor.  Dr. Moore's report does not include any discussion of

any objective testing done on the defendant, nor if so, the instruments used; however, he did report having been given Dr. Samuels' "two psychological assessments," which I take as referring to the two reports described above.

Dr. Samuels' reports indicate that he administered the Shipley Institute of Living Scale and the MacArthur Competence Assessment Tool--Criminal Adjudication.  He also suggests additional testing.

Both doctors refer to the defendant's taking morphine as likely having some negative effect on his mental functioning, but the record has no evidence of how that can be objectively measured.  Also lacking is any evidence from the prescribing physician regarding its necessity and whether other pain relieving medication could be effectively utilized as a substitute.  Similarly, there is no evidence before the court on the side effects of morphine.

In short, there is simply too little evidence to characterize it as a "preponderance."  I therefore conclude the government has failed to meet its burden of proof.

IT THEREFORE HEREBY IS ORDERED:

1.  The defendant is found not competent to stand trial at this time.

2.  Counsel shall confer with medical providers and examiners and attempt to agree on a proposal to the court for a treatment plan to assist the defendant in reaching competence, and shall present such plan to the court within three weeks.  In the absence of agreement, each party shall present a proposal for such treatment, requesting further evidence be adduced if appropriate.  An evidentiary hearing can be scheduled if necessary.

DATED this 28th day of September, 2006.

                                          BY THE COURT:

                                          s/ *David L. Piester*
                                          David L. Piester
                                          United States Magistrate Judge